Case No. 24-1103

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

LESLEE SCALLON, a California resident, individually and derivatively on behalf of HENRY ENTERPRISES INC. and JAY GAIRSON, a Washington resident, individually and derivatively on behalf of HENRY ENTERPRISES INC.

Plaintiffs-Appellees

v.

SCOTT HENRY'S WINERY CORP., an Oregon corporation; CALVIN SCOTT HENRY III, and SYNTHIA BEAVERS

Defendants-Appellants,

SHERRY KEARNEY, an Oregon resident, et al.

Defendants.

### APPELLEE HENRY ENTERPRISES, INC.'S MOTION TO STRIKE

Todd R. Johnston, OSB 992913
Alexandra P. Hilsher, OSB 114218
Hershner Hunter, LLP
675 Oak Street, Suite 400
Eugene, OR 97401
tjohnston@hershnerhunter.com
ahilsher@hershnerhunter.com
Telephone: (541) 686-8511

*Of Attorneys for Appellee Henry Enterprises, Inc.*

I.  **Motion**

Defendant HEI moves the court for an order striking the declaration of William Drew, filed in support of the pending Motion to Substitute the Calvin Scott Henry III Trust for Appellant Calvin Scott Henry III, and the corresponding exhibits because Mr. Drew lacks personal knowledge and the statements and exhibits are hearsay and lack appropriate foundation and authentication.

II.  **Legal Analysis**

A party offering evidence in support of a motion must demonstrate that the purported evidence meets the requirements for admissibility of that evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 763, 773 (9th Cir. 2002); *Beyene v. Coleman Security Servies, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Here, "Appellants'"[1] proffered declaration does not meet that standard and the declaration of her current counsel, William Drew, should be stricken, along with the purported exhibits, for at least the following reasons.

---

[1] As described more fully in HEI's Response to Appellants' Motion to Substitute, Mr. Drew makes conflicting statements about who or what entity is being represented and advancing both the underlying appeal and the pending Motion to Substitute. In reality, the only "appellant" is Defendant Syndi Beavers in her personal capacity. She apparently claims to be a trustee of a trust but there is no trust that is a party to the litigation. Mr. Drew does not, and does not claim to, represent Calvin Scott Henry, III (he is deceased). *See*, Notice of Representation, ECF Doc. 262. Calvin Scott Henry, III did not appeal, nor did his estate and despite representing to the contrary in the Motion to Substitute, neither Calvin Scott Henry, III nor his estate have filed any motions. However, they are erroneously described as "Petitioners" and "Appellants" in the Motion to Substitute. In order to avoid additional confusion, HEI will use "Appellants" in this motion but it is inaccurate.

Page 1

First, Mr. Drew makes no effort to demonstrate that he has personal knowledge or to otherwise authenticate or lay a foundation for the purported exhibits, because he cannot. For instance, Mr. Drew does not claim to be the author of the documents or have personal knowledge of their execution. On the contrary, Mr. Drew explains in the motion, "The Trust ownership wasn't an issue at the time … and frankly, <u>present counsel didn't know the details of Scott Henry's estate plan until after the entry of judgment</u>." Appellants' Rule 43 Motion to Substitute, pg. 5 (Docket Entry No. 35.1). Similarly, Mr. Drew's declaration reflects that he first began representing Calvin Scott Henry, III in August of 2020, which is many months after execution of the purported Trust (Exhibit A) and other exhibits that he attempts to offer as evidence. Declaration of William Drew ("Drew Dec.") paras 1-4 (Docket Entry No. 36.1).

Mr. Drew did not draft the purported Trust documents, did not represent Calvin Scott Henry, III when the documents were allegedly created and signed by Calvin Scott Henry, III, did not even know about the purported estate plan of Calvin Scott Henry, III until after entry of judgment (after Calvin Scott Henry, III had passed), and does not have personal knowledge of anything relating to the purported Exhibits. Because Mr. Drew's declaration does not demonstrate personal knowledge or otherwise lay any foundation for the purported exhibits, Mr. Drew's declaration and corresponding exhibits should be stricken.

Page 2

Second, and even if the lack of personal knowledge, authentication and foundation defects did not exist, the purported evidence is all inadmissible hearsay (with the possible exception of Exhibit F, which is the declaration of a former attorney personally attesting to his observations regarding capacity, which could potentially stand alone but that cannot be properly offered as part of a declaration by Mr. Drew and, even if it was, is irrelevant to any issue before the Court on Appellants' Motion to Substitute). Because hearsay is inadmissible the purported evidence should be stricken on that ground as well.

**III.   Conclusion**

Because the declaration and exhibits submitted by Appellants are inadmissible, they should be stricken. Further, because there is no admissible evidence offered in support of the Motion to Substitute, and for the reasons described in Defendant HEI's Response, the Motion to Substitute should be denied.

DATED July 25, 2024.

HERSHNER HUNTER, LLP

By  /s/Todd R. Johnston
Todd R. Johnston OSB 992913
tjohnston@hershnerhunter.com
Alexandra P. Hilsher, OSB 114218
ahilsher@hershnerhunter.com
Of Attorneys for Appellee Henry
Enterprises Inc.

Page 3